**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Simon Franco**, | No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **Jazz Healthcare, LLC**, an Arizona Limited Liability Company, **Majid John Shakibaian and Jane Doe Shakibaian**, a married couple, | |
| Defendants. | |

Plaintiff, Simon Franco ("Plaintiff" or "Simon Franco"), alleges as follows:

## **PRELIMINARY STATEMENT**

1.      Plaintiff brings this action against Defendants Jazz Healthcare, LLC and Majid John Shakibaian and Jane Doe Shakibaian ("Defendants") for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

2.      This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

3.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees an overtime premium for all time spent working in excess of 40 hours per week.

4.     Defendants engaged in the regular policy and practice of misclassifying their Plaintiff as an independent contractor rather than as an employee.  Specifically, Defendants misclassified Plaintiff as an independent contractor and then failed and/or refused to pay him overtime for time he worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a).

5.     Therefore, Defendants did not pay Plaintiff the applicable overtime rate, in violation of 29 U.S.C. § 207.

**JURISDICTION AND VENUE**

6.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

9.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

10.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

11.     At all material times, Plaintiff was a full-time, non-exempt employee of Defendants from approximately January 2018 through approximately April 2018.

12.     Throughout Plaintiff's entire employment, he was paid an hourly rate of $16.50.

13.     Throughout Plaintiff's entire employment, he was paid an hourly rate of $16.50, which Defendants determined in their sole discretion.

14.     At all material times, Plaintiff was employed by Defendants but classified and paid as an independent contractor.  Defendants employed Plaintiff to perform various manual labor, menial, clerical, and sales-based duties, which generally included, but were not limited to, opening and closing procedures, cleaning the store, processing transactions, selling items to customers.

15.     At all material times, Plaintiff was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

16.     Defendant Jazz Healthcare LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's Employer as defined by 29 U.S.C. § 203(d).

17.     At all relevant times, Defendants owned and operated as Sleep System Store, mattress retail company in Phoenix, Maricopa County, Arizona.

18.     Defendants maintain two sales offices in Phoenix, Arizona.  Specifically, Defendants have locations at 2502 East Camelback Road, Suite 175 Phoenix, AZ 85016 and 4550 East Cactus Road, Suite 82 Phoenix, AZ 85032.

19.     At all relevant times throughout Plaintiff's employment, Jazz Healthcare, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Jazz Healthcare LLC.

20.     Defendants Thomas Cassile and Jane Doe Cassile have caused events to take place giving rise to the claims in this Complaint.  Thomas Cassile and Jane Doe Cassile are owners of Commercial AV Services LLC and were at all relevant times Plaintiff's and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

21.     Under the FLSA, Defendants Majid John Shakibaian and Jane Doe Shakibaian are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Majid John Shakibaian and Jane Doe Shakibaian are owners of Jazz Healthcare LLC.

22.     At all relevant times throughout Plaintiff's employment, Majid John Shakibaian and Jane Doe Shakibaian had the authority to hire and fire employees.

23.     At all relevant times throughout Plaintiff's employment, Majid John Shakibaian and Jane Doe Shakibaian supervised and controlled work Plaintiff's schedules or the conditions of his employment.

24.      At all relevant times throughout Plaintiff's employment, Majid John Shakibaian and Jane Doe Shakibaian determined the rate and method of Plaintiff's payment.

25.     At all relevant times throughout Plaintiff's and the Collective Members' employment, Majid John Shakibaian and Jane Doe Shakibaian maintained employment records in connection with Plaintiff's employment with Jazz Healthcare, LLC.

26.     As persons who acted in the interest Jazz Healthcare, LLC in relation to the company's employees, Majid John Shakibaian and Jane Doe Shakibaian are subject to individual liability under the FLSA.

27.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

28.     At all relevant times, Defendants conducted business in Maricopa County, Arizona.

29.     Defendants, and each of them, are sued in both their individual and corporate capacities.

30.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

31.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

32.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

33.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

34.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

35.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

36.     At all relevant times, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## FACTUAL ALLEGATIONS

37.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

38.     Defendants own Jazz Healthcare, LLC and operate as Sleep System Store, an enterprise located in Maricopa County, Arizona.

39.     On approximately January 1, 2018, Plaintiff began employment with Defendants in a non-titled position, performing various manual labor, menial, clerical, and sales-based duties, which generally included, but were not limited to, opening and

closing procedures, cleaning the store, processing transactions, selling items to customers.

40. Rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

41. Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee as defined by the FLSA, 29 U.S.C. § 201 et seq.

42. Plaintiff, in his work for Defendants, used Defendants' equipment and wore company uniforms.

43. In his work for Defendants, Defendants controlled Plaintiff's work schedule.

44. At all relevant times, Plaintiff was economically dependent on Defendants.

45. The following further demonstrate that Plaintiff, in his work for Defendants, was an employee under the FLSA:

      a. Defendants had the exclusive right to hire and fire Plaintiff;

      b. Defendants made the decision not to pay overtime to Plaintiff;

      c. Defendants supervised Plaintiff and subjected him to Defendants' rules;

      d. Plaintiff had no financial investment with Defendants' business;

      e. Plaintiff, in his work for Defendants, had no opportunity for profit or loss in the business;

f.      The services rendered by Plaintiff in his work for Defendants was

integral to Defendants' business;

g.      Plaintiff was hired as a permanent employee, working for

Defendants for continuous unspecified amounts of time.

h.      Plaintiff had no right to refuse work assigned to him by Defendants.

46.     At all relevant times, Defendants did not pay Plaintiff one and one half times his regular rate of pay for time he spent working in excess of 40 hours in a given workweek.

47.     Defendants classified Plaintiff as an independent contractor in order to avoid their obligation to pay Plaintiff one and one-half time his regular rate of pay for all hours he worked in excess of 40 hours per week.

48.     Plaintiff was a non-exempt employee.

49.     From the beginning of Plaintiff's employment through the present day, Defendants failed to properly compensate Plaintiff for any of his overtime hours.  During this time, Plaintiff generally worked between approximately forty-five (45) and sixty (60) hours per week.

50.     In his work for Defendants, Plaintiff was paid $16.50 hourly.

51.     In his work for Defendants, Plaintiff was not a manager.

52.     In his work for Defendants, Plaintiff did not have supervisory authority over any employees.

53.     In his work for Defendants, Plaintiff did not possess the authority to hire or fire employees.

54.     In his work for Defendants, Plaintiff did not possess authority to make critical job decisions with respect to any of Defendants' employees.

55.     In his work for Defendants, Plaintiff did not direct the work of two or more employees.

56.     In his work for Defendants, Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

57.     In his work for Defendants, Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise.

58.     From the beginning of Plaintiff's employment through the present day, Defendants failed to properly compensate him for any of his overtime hours.

59.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff during the course of his employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

60.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

61.     Therefore, in a given workweek, and during each and every workweek of Plaintiff's employment with Defendants, Plaintiff was subject to Defendants' policy and practice of not paying one and one half times Plaintiff's regular rate of pay.

62.     In a given workweek, and during each and every workweek of Plaintiff's employment with Defendants, Plaintiff worked more than 40 hours but was not paid the applicable one and one half times Plaintiff's regular rates of pay for time he spent working in excess of 40 hours.

63.     Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

64.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

65.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

66.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

67.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68.     At all relevant times, Defendants engaged in the regular policy and practice of classifying Plaintiff as an independent contractor when he was in reality an employees as defined by the FLSA.

69.     At all relevant times, Defendants did not pay Plaintiff one and one half times his regular rate of pay for time spent working in excess of 40 hours in a given workweek.

70.     Defendants classified their Plaintiff as an independent contractor.

71.     Defendant classified Plaintiff as an independent contractor to avoid Defendants' obligation to pay Plaintiff one and one half time his regular rate of pay for all hours he worked in excess of 40 hours per week.

72.     Defendants engaged in such conduct in direct violation of 29 U.S.C. § 207(a).

73.     As such, unpaid overtime wages for such time Plaintiff worked in excess of 40 hours per given workweek is owed to Plaintiff for the entire time he was employed by Defendants.

74.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

75.     Plaintiff is therefore entitled to compensation for their unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Simon Franco, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one or more of the following acts:

    i.    violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

    ii.    willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B.    For the Court to award damages in the amounts of all unpaid overtime compensation due and owing to Plaintiff for time he spent working in excess of 40 hours per given workweek;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

F.    Such other relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 16th day of July, 2018.

THE BENDAU LAW FIRM, PLLC


By: s/ Clifford P. Bendau, II
Clifford P. Bendau, II
Attorney for Plaintiff